NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACQUELINNE ADRIANA VASQUEZ RODRIGUEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1520 <br><br> Agency No. A208-601-063 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2024[**]
Pasadena, California

Before: BERZON and MENDOZA, Circuit Judges, and BOLTON, District Judge.[***]

Petitioner Jacquelinne Adriana Vasquez Rodriguez, a native and citizen of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from the immigration judge's ("IJ's") denial of her application for asylum, withholding of removal under the Immigration and Nationality Act, and relief under the Convention Against Torture ("CAT"). We deny the petition.

"Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, [the court's] review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted). We review legal questions de novo and factual findings for substantial evidence. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). Under the substantial evidence standard, the petitioner "must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (citation omitted).

1. Vasquez Rodriguez does not challenge the BIA or IJ's conclusion that her asylum application was time-barred, and that she failed to establish changed or extraordinary circumstances excusing the delay. 8 U.S.C. § 1158(a)(2); 8 C.F.R § 1208.4(a). Petitioner has therefore waived her appeal of the dismissal of her asylum claim. *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

2.      Vasquez Rodriguez similarly does not challenge the BIA's conclusion that she failed to show that her proposed social group—her family—was "a reason" that gang members targeted her for extortion. *Garcia*, 988 F.3d at 1146 (quoting *Barajas-Romero v. Lynch*, 846 F.3d 351, 359 (9th Cir. 2017)). Because the BIA's nexus conclusion is dispositive of petitioner's withholding of removal claim, any challenge to that claim is waived. *Martinez-Serrano*, 94 F.3d at 1259–60.

3.      With respect to Vasquez Rodriguez's claim for relief under the CAT, substantial evidence supports the BIA's conclusion that she did not demonstrate that she would "more likely than not be tortured with the consent or acquiescence of a public official if removed" to El Salvador. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Vasquez Rodriguez does not contend that she was physically harmed by the gang members, nor has she alleged that they acted upon their threats against others. Petitioner's reliance on a country conditions report, without more, does not compel a contrary conclusion, because "generalized evidence of violence and crime in [El Salvador] is not particular to [Vasquez Rodriguez] and is insufficient to meet [the CAT] standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**